IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNNE BLOCH and HELEN BLOCH,[1]<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD FRISHHOLZ, SHORELINE TOWERS CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation, WOLIN-LEVIN, INC., an Illinois corporation, SHARON SCHINGOETHE and BELINDA COTTON-COLLINS,<br><br>Defendants. | No. 06 C 4472<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

In August 2006, plaintiffs filed this suit alleging that defendants had retaliated against them for a religious discrimination suit that they had filed the previous year. On January 28, 2008, th Court entered judgment for defendants. The case is now before the Court on plaintiffs' Federal Rule of Civil Procedure ("Rule") 59(e) motion for reconsideration and defendants' request for a bill of costs. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion to reconsider and grants in part and denies in part the bill of costs.

### Motion for Reconsideration

Under Federal Rule of Civil Procedure ("Rule") 59(e), plaintiffs are entitled to reconsideration if "the Court has patently misunderstood a party, . . . has made a decision outside the adversarial issues presented to [it] . . . or has made an error not of reasoning but of apprehension." *Bank of Waunakee*

---

[1] Nathan Block was previously dismissed as a plaintiff from this suit.

*v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Plaintiffs argue that the Court should reconsider the judgment it entered for defendants because it was based on the Court's misapplication of the Federal Rules of Evidence. That is a basis for appeal, not reconsideration.

Moreover, even if plaintiffs' arguments were appropriate, they would still be unavailing. Plaintiffs first take issue with the Court's conclusion that Lynne Bloch's amended affidavit did not show disclose her personal knowledge of North Sheridan Hebrew Congregation's religious practices. Plaintiffs say that conclusion is refuted by paragraph eight of the affidavit, in which Bloch asserts that she had been a member of North Sheridan, and thus, was familiar with its practices.

Such an assertion might have been sufficient foundation for Bloch's testimony about North Shore, had she actually made it. But she did not. Rather, in its entirety, paragraph eight of her amended affidavit states: "In the past Shoreline Towers has accommodated all the religious needs of the North Sheridan Hebrew Congregation, which operated under the same religious constraints as Congregation Beth Shalom." (Bloch Am. Aff. ¶ 8.) Absent some indication that Bloch was personally aware of North Sheridan's practices, and her amended affidavit contains none, the Court did not err in concluding that there was no foundation for her testimony about them.

Similarly, plaintiffs argue that Bloch's testimony that she has been a member of the Shoreline Board for twenty years is sufficient foundation for her testimony about its treatment of North Sheridan. Again, her board experience might provide sufficient foundation for that testimony if there were evidence that requests for, and uses of, the hospitality room had to be approved or were routinely examined by the Board. But again, there is not.

Plaintiffs also contend that Bloch's assertion that defendants were "made aware" that Shoreline had allowed attendees of previous Jewish Sabbath services to unlock the security door and forego the

sign-in requirement is admissible non-hearsay. Plaintiffs say those statements are offered only to "impart the context of Defendants' states of mind," not for the truth of the matter they assert, *i.e.*, whether defendants knew Shoreline treated another Jewish group differently. (Mot. Recons. at 7.) Thus, plaintiffs argue, those statements are admissible under Federal Rule of Evidence 801.

Plaintiffs' argument is refuted by their own brief, which says that Bloch's "testimony [on this point] . . . . provides that Defendants were on notice of the alleged issues." (*See id.*) In other words, Plaintiffs admit that these "facts" were offered as proof that there was a causal connection between plaintiffs' prior lawsuit and defendants' alleged actions, not simply for the "context" of those actions. Because plaintiffs offered these statements for their truth, *i.e.*, that defendants knew Shoreline had not strictly enforced its rules against another Jewish group, the Court properly refused to admit them.

Next, plaintiffs say the Court improperly treated fact witness Sharon Schingoethe as an expert on Jewish law. In reality, the Court noted that the testimony of Schingoethe, who identified herself as Jewish, supported plaintiffs' assertions about Jewish Sabbath customs but refuted the notion that those customs could not be reconciled with Shoreline's regulations. (*See* Mem. Op. & Order of 1/24/08 at 4-6.)

Finally, plaintiffs argue that defendants' alleged acts of retaliation *after* the Court entered judgment in their favor constitute a change in material fact that merits reconsideration. However, defendants' alleged conduct in response to the dismissal of this suit is not probative of whether they took retaliatory action against plaintiffs in 2006 for their 2005 lawsuit, which is the only issue in this case.

## Bill of Costs

"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be

3

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption that the prevailing party will be awarded costs, which the losing party can overcome only by making "an affirmative showing that [the] costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

> Costs recoverable under Rule 54(d) are:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; [and]
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. Moreover, with respect to the costs of transcripts, Local Rule 54.1 limits the amount recoverable to the "copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Local Rule 54.1(b).

### Process Server

Defendants seek to recover $150.00, which they paid to process servers to serve subpoenas for depositions taken in this case. (*See* Reply Bill Costs, Ex. C at 1.) Plaintiffs do not object to this request and the Court finds these costs recoverable. *See* 28 U.S.C. § 1920(1) (allowing recovery of "[f]ees of the . . . marshal"); *id.* § 1921(a)(1)(B) (permitting the U.S. Marshal to charge for "[s]erving a subpoena or summons for a witness"); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (construing 28 U.S.C. § 1920(1) as "permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."); 28 C.F.R. § 0.114 (setting process fee at "$45 per hour (or portion thereof) for each item served by one U.S. Marshals Service

4

employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses").

## Depositions

Plaintiffs maintain that defendants' request for deposition transcript costs should be denied as to depositions that were taken in connection with the 2005 lawsuit, not this one. In other words, plaintiffs contend that the transcripts of depositions taken in connection with other cases were not "obtained for use in th[is] case" as required by 28 U.S.C. § 1920.

The Court agrees. A deposition transcript is "necessarily obtained for use in the case" if it was "reasonably necessary to the case at the time it was taken." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (quotation omitted). Though defendants may have used some of them for this case, the depositions that were taken before August 18, 2006, when this case was filed, were not obtained for use in this case. *See Am. Auto. Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (denying costs for transcripts of depositions taken in a prior state suit because they were not necessarily obtained for use in the federal suit even if they "were highly useful and necessary" to it). Thus, defendants cannot recover the costs associated with those depositions.

That leaves defendants' request for the cost of the transcripts of the depositions taken after this case was filed, *i.e.*, the 2007 depositions of Helen and Lynne Bloch. The Court finds that it was reasonable and necessary for defendants to take these depositions. *See Cengr*, 135 F.3d at 455 ("The proper inquiry is whether the deposition was reasonably necessary to the case at the time it was taken, not whether it was used in a motion or in court." (quotation omitted)).

However, Local Rule 54.1 provides that costs for reasonably necessary depositions are recoverable only at the rates established by the Judicial Conference at the time the depositions were taken. Local Rule 54.1(b) ("[T]he costs of the transcript or deposition shall not exceed the regular

5

copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed ...."); *see Portman v. Andrews*, No. 05 C 3654, 2007 WL 2746620, at *2 (N.D. Ill. Sept. 17, 2007) (construing the phrase "at the time the ... deposition was filed" to mean "at the time the transcript was obtained"). Prior to October 29, 2007, the Judicial Conference permitted prevailing parties to recover $3.30 per page for original transcripts and $.90 per page for copies. *See* General Order U.S. Dist. Ct. N. Dist. Ill. of 2/28/03, *available at*, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/tfee0203.pdf. Defendants seek to recover for an original and one copy of each of the transcripts, (*see* Defs.' Reply Bill Costs, Ex. C, at 2-3), the number specifically contemplated by the Local Rule. *See* Local Rule 54.1(b) ("Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed."). Thus, the Court will allow defendants to recover a total of $781.20 for the transcripts of the 2007 depositions of Helen and Lynne Bloch ($499.80 for Helen Bloch's 1/31/07 deposition [$3.30 x 119 pages + $.90 x 119 pages] + $281.40 for Lynne Bloch's 1/31/07 deposition [$3.30 x 67 pages + $.90 x 67 pages]).

## Photocopies

Defendants may also recover fees for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In this context, the phrase "for use in the case" means "materials actually prepared for use in presenting evidence to the court," not copies made for a party's convenience. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (quotation omitted). Defendants request a total of $890.40 or photocopies, $801.90 for copies of documents filed the Court and $88.50 for "litigation copies." (*See* Defs.' Reply Bill Costs, Ex. C at 3-7.)

6

Defendants do not explain the request for "litigation copies." The Court, therefore, denies it.

With respect to the other copies, defendants ask for the cost of three copies of pleadings, briefs and motions they filed with the Court[2] – two copies for the Court and one for plaintiffs. During the life of this case, however, all court filings could have, and should have, been electronic. *See* Gen. Order U.S. Dist. Ct. N. Dist. Ill. 07-0023, *available at*, http://www.ilnd.uscourts.gov/PRESS/GeneralOrder102607.pdf. Because defendants should have been filing and serving their papers via electronic mail, they may recover only the cost of one copy of each document it prepared and delivered to the Court's chambers. Thus, the Court permits defendants to recover a total of $102.50 for photocopies ($.10 per page for one copy of: each of their attorney's appearances; each of their waivers of service; their motions to dismiss and replies in support thereof; their motions to strike and replies in support thereof; their motion for extension of discovery and reply in support thereof; their motion for summary judgment and reply in support thereof; and the notices of filing/certificates of service and/or notices of motion associated with each of those documents).

## Computerized Legal Research

Plaintiffs object to defendants' request for $5.99 for research on Westlaw. Defendants say that is the cost of using the database, not attorney time spent researching, a cost the Seventh Circuit has recently held to be recoverable under 28 U.S.C. § 1920. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008) ("Mr. Little contends that the award of costs for . . . computerized research . . . [is] not authorized by 28 U.S.C. § 1920. We disagree."). The Court agrees and overrules plaintiffs' objection to this request.

---

[2]Defendants also seek the cost of copying orders or other documents that were generated by the Court or plaintiffs. The Court denies this request.

7

### Messenger Service

Defendants seek to recover $21.12 for messenger service. They do not, however, explain what the service did, when defendants used it or why it was necessary. Thus, the Court denies this request.

### Conclusion

For the reasons set forth above, the Court denies plaintiffs' motion for reconsideration [doc. no. 96] and grants in part and denies in part defendants' bill of costs. The Court taxes against plaintiff Rule 54 costs in the total amount of $1,039.69 ($150.00 [process server fees] + $ 102.50 [photocopies] + $781.20 [deposition transcripts] + $5.99 [Westlaw]).

SO ORDERED.    ENTERED: 6/26/08

HON. RONALD A. GUZMAN
United States District Judge